UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREW IORIO and AI CONSULTING, :
LLC,                           :
     Plaintiffs,              :
                   :
v.                             :   Case No. 3:18-cv-1793 (RNC)
                   :
@Wireless LLC,                 :
CRAIG J. JERABECK and          :
5LINX,                         :
                   :
      Defendants.              :

<u>RULING AND ORDER</u>

Plantiffs Andrew Iorio ("Iorio") and AI Consulting, LLC ("AI") bring this action pursuant to Fed. R. Civ. P. 60(d), seeking to set aside on the ground of fraud a judgment issued by the United States District Court for the Western District of New York granting summary judgment to @Wireless Enterprises, Inc. ("@Wireless") based on a promissory note executed by AI and guaranteed by Iorio.  <u>See</u> Order and Judgment, <u>@Wireless Enterprises, Inc. v. AI Consulting LLC</u>, No. 6:05-cv-6176 (W.D.N.Y. Mar. 16, 2012), ECF No. 118 (awarding judgment in favor of @Wireless against AI and Iorio in the principal amount of $37,754.76, plus interest for 7 years, for total of $61,540.26), <u>aff'd</u>, No. 12-0995 (2d Cir. Oct. 21, 2013), ECF No. 196.  The promissory note was made in connection with an agreement in 2002 between AI and @Wireless, then an authorized sales agent of Verizon Wireless LLC, whereby AI agreed to pay

1

@Wireless a franchise fee of $145,000 in order to operate a retail store in Connecticut selling Verizon Wireless products as a franchisee of @Wireless.  In 2004, Verizon ceased doing business with @Wireless and litigation ensued in several districts.  AI sued @Wireless in this District but the action was dismissed.  @Wireless, in turn, sued AI and Iorio in the Western District of New York for the balance due on the promissory note.  In response to the suit, AI filed counterclaims against @Wireless and brought a third-party action against its chief executive officer, Craig J. Jerabeck, and an affiliate, 5Linx.  The litigation in the Western District led to the judgment that plaintiffs seek to set aside; the claims against @Wireless, Jerabeck and 5Linx were dismissed.  For reasons set forth below, this action also must be dismissed.[1]

Rule 60(d) allows a court to "entertain an independent action to relieve a party from a judgment," Fed. R. Civ. P. 60(d)(1), or "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3).  An independent action pursuant to Rule 60(d) should be entertained "only rarely, and then only under unusual and exceptional circumstances."  11 Wright & Miller, Federal Practice and Procedure § 2868 (3d ed.).  As the Second

---

[1] Plaintiffs have responded to an order to show cause why the action should not be dismissed.  This ruling takes account of their submissions.

Circuit stated in affirming the dismissal of an action under Rule 60(d) to set aside a judgment for fraud:

> While fraud on the court can support Rule 60(d) relief, such fraud must "seriously affect[] the integrity of the normal process of adjudication." . . . [S]uch fraud "embraces only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases. (internal quotation marks omitted)). This is because Rule 60(d) actions are warranted only when necessary "to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998).

LinkCo, Inc. v. Naoyuki Akikusa, 367 Fed. App'x 180, 182 (2d Cir. 2010).

Thus, to state a claim for relief, plaintiffs must allege facts showing that a fraud seriously affected the integrity of the judicial process leading to issuance of the judgment in the Western District of New York. To make this showing, they rely on Jerabeck's guilty plea in that district in 2017 to a charge of conspiracy to commit wire fraud. See United States v. Jerabeck, No. 17-cr-6089 (W.D.N.Y.). As shown by the plea hearing transcript attached to the complaint, Jerabeck pleaded guilty to participating in a conspiracy to defraud investors in 5Linx between May 2010 and April 2016. The factual basis for the plea was Jerabeck's acceptance of payments from a 5Linx vendor that should have gone to 5Linx.

Given the apparent lack of any connection between the conspiracy to defraud the investors in 5Linx to which Jerabeck

3

pleaded guilty and the litigation leading to entry of the
judgment in favor of @Wireless on AI's promissory note, it is
incumbent on plaintiffs to allege facts showing that such a
connection does indeed exist.  The complaint alleges only the
following:

> The Criminal conduct charged against the defendants were
> [sic] fraudulent in that they deceived AI and Andy [Iorio]
> and in that they violated the trust and confidence, which
> they justifiably reposed in @Wireless and allowing judgment
> against the Plaintiffs to remain would constitute "a grave
> miscarriage of justice."

ECF No. 1, ¶ 24.

Plaintiffs' theory appears to be that the "[c]riminal
conduct" to which Jerabeck pleaded guilty was "fraudulent," and
renders the judgment in favor of @Wireless "a grave miscarriage
of justice," so this court can set aside the judgment under Rule
60(d)(3).  However, no facts are alleged showing a link between
Jerabeck's criminal conduct and the integrity of the judicial
process leading to issuance of the judgment.  Without such
allegations, the complaint provides no basis for setting the
aside the judgment.

Moreover, plaintiffs have not shown that the defendants
have been properly served under the long-arm statute.  Proper
service on a nonresident includes serving the defendant by
certified mail at the defendant's last-known address.  Conn.
Gen. Stat. § 52-59b(c).  Though the nonresident need not

4

actually receive the process, <u>Wade v. Hubbard</u>, No. CV116017665S, 2012 WL 1511402, at *3 (Conn. Super. Ct. Apr. 12, 2012), service is ineffective unless the plaintiff uses "'diligent and persistent efforts' . . . to determine the actual address of the defendant and unless a defendant has departed for 'parts unknown,' the plaintiff must learn the defendant's actual address 'at his peril.'" <u>Matthews v. SBA, Inc.</u>, 149 Conn. App. 513, 533 (2014) (quoting <u>Cadlerock Joint Venture II, L.P. v. Milazzo</u>, 287 Conn. 379, 393, 395 (2008)).

The showing required by the statute has not been made with regard to the attempted service on Jerabeck. Before filing this action, plaintiffs requested leave from the Second Circuit to file an independent action under Rule 60(d).[2] Review of the Second Circuit docket shows that the court ordered them to notify Jerabeck of their request by sending the relevant papers to him at 90 East Lake Road, Middlesex, NY, 14544. Order, <u>@Wireless Enterprises, Inc. v. AI Consulting LLC</u>, No. 12-995 (2d Cir. Aug. 8, 2018), ECF No. 225. The court subsequently determined that plaintiffs did not require leave to bring an independent action.

For no apparent reason, when serving process in this case, plaintiffs sent copies to several different New York addresses,

---

[2] Plaintiffs did not specify that they were seeking leave to bring the action outside the Western District of New York.

none of which is the one the Second Circuit had just ordered

them to use.  ECF No. 9.  Plaintiffs do allege that @Wireless

maintained its principal place of business at one of the

addresses they used to serve Jerabeck.  ECF No. 1, ¶ 5.  But

plaintiffs had been informed that @Wireless was defunct, see

Motion to be Relieved as Attorney, @Wireless Enterprises, Inc.

v. AI Consulting LLC, No. 12-995 (2d. Cir July 30, 2018), ECF

No. 215, and in any case, plaintiffs do not even attempt to

explain why they would use a years-old business address to serve

Jerabeck rather than the one provided by the Second Circuit.[3]

In addition, plaintiffs have not established that this

court has personal jurisdiction over Jerabeck or 5Linx.

Plaintiffs contend that both defendants are subject to personal

jurisdiction under the provision of Connecticut's long-arm

statute for causes of action against nonresidents who commit a

tort outside the state causing injury within the state, Conn.

---

[3] In response to an order directing plaintiffs to show cause why
the action should not be dismissed for insufficient service of
process, plaintiffs have argued that 5Linx is a foreign limited
liability company transacting business in Connecticut without a
foreign registration certificate, see Conn. Gen. Stat. §34-
275a(f), such that service of process on 5Linx could be achieved
by "leaving two true and attested copies of such process
together with the required fee at the office of the Secretary of
the State," Conn. Gen. Stat. §34-243r(b).  See ECF No. 26 at 12-
13.  However, nowhere in the complaint is there an allegation
that 5Linx did business in Connecticut making it susceptible to
service of process in this case via the Secretary of State
alone.

Gen. Stat. § 52-59(b)(a)(3).  But I do not see, and plaintiffs
do not explain, how this could be so.  It is conceivable that
one whose conduct outside Connecticut constitutes a fraud on a
court might thereby commit a tort causing injury to another in
Connecticut for purposes of the long-arm statute.  As just
discussed, however, plaintiffs allege no facts showing a
connection between Jerabeck's criminal conduct and the integrity
of the proceedings that led to entry of the judgment against
them in the Western District of New York.  Accordingly, the
requirements of the long-arm statute are not met as to Jerabeck.[4]

Plaintiffs' argument for personal jurisdiction over 5Linx
is similarly unavailing.  They claim that 5Linx is subject to
personal jurisdiction here because (1) it has been established
that 5Linx is an alter ego of @Wireless, (2) @ Wireless
"knowingly contracted with a Connecticut resident for services
to be performed in Connecticut," and (3) "the claims in the
lawsuit are directly related to those Connecticut-performed

---

[4] Plaintiffs claim that this court has personal jurisdiction over
Jerabeck by virtue of his affiliation with the corporate
defendants.  However, in prior litigation between the parties,
the District Court for the Western District of New York granted
summary judgment to Jerabeck on AI's claim that he was an alter
ego of @Wireless and 5Linx (and ruled that AI's counsel's
failure to withdraw the claim violated Rule 11).  Decision and
Order, @Wireless Enterprises, Inc. v. AI Consulting LLC, No.
6:05-cv-6176 (W.D.N.Y. May 13, 2011), ECF No. 92.  In any event,
plaintiffs have not shown that the requirements for personal
jurisdiction have been satisfied with regard to @Wireless or
5Linx.

services." ECF No. 26 at 4-5.[5] Again, however, it is Jerabeck's criminal conduct that furnishes the basis for this action to set aside the judgment under Rule 60(d)(3). In no legally relevant sense does this action "arise from" @Wireless's business dealings with AI in 2002-2004.

Finally, although an independent action to set aside a judgment under Rule 60(d)(3) need not necessarily be brought in the district that rendered the judgment, that is normally the proper forum when a judgment debtor seeks such extraordinary relief. See Lapin v. Shulton, Inc., 333 F.2d 169, 171 (9th Cir. 1964) (writ seeking discharge of judgment debtor should be brought in the court that rendered the judgment). If the action to set aside the judgment is filed elsewhere, the nonrendering court must weigh the interests in comity and the orderly administration of justice in deciding whether to entertain the action. See id. at 172. In a given case, if the requirements for relief under Rule 60(d)(3) are sufficiently pleaded, and the plaintiff has no adequate remedy in the district that rendered the judgment, these interests may be outweighed by the need to provide the plaintiff with a forum. But that is far from the case here.[6]

---

[5] Here, it seems plaintiffs are referring to an asset purchase agreement between @Wireless and AI, see ECF No. 26 at 1.
[6] No explanation has been offered as to why plaintiffs chose to seek Rule 60(d)(3) relief here rather than in the Western

Accordingly, the action is hereby dismissed without prejudice.  The Clerk may enter judgment and close the case.

So ordered this 3rd day of January 2022.

_____
/s/ RNC
Robert N. Chatigny
United States District Judge

---

District of New York.  In the absence of an explanation, it is reasonable to infer that the litigation was brought in Connecticut primarily for the sake of convenience and to minimize fees and costs, and possibly to try to gain a strategic advantage.  Those interests, while legitimate, do not begin to outweigh the risks to the interests in comity and the orderly administration of justice that counsel against entertaining this action in Connecticut.